MATILDE RÍOS OVALLE, Plaintiff and Appellant, *v.* MANUEL ROSALY Y HOSTA, ET AL., Defendants and Appellees.

No. 7059. Argued May 19, 1936.—Decided November 30, 1936.

*F.ernando Zapater* and *Raúl Matos* for appellant. *Cipriano Olivieri*
for Messrs. Rosaly y Hosta and for Mrs. Hosta de Rosaly.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff, Matilde Ríos Ovalle, together with Claudia
and Eulalio Rosaly y Vázquez, were the legitimate heirs of
the deceased Manuel Rosaly y Castillo, the first as surviving
widow of the decedent and the other two by testamentary
legitimation made by the deceased in his holographic will,
which was duly protocolized.

Disagreements having arisen between the heirs, the lat-
ters on November 15, 1920, executed a deed of settlement,
assignment of rights and actions and voluntary mortgage,
by which Eulalio Rosaly y Vázquez agreed to pay to the
plaintiff, during the rest of her life, a monthly income or
pension of $65, payable in advance, payment thereof being
guaranteed by a mortgage constituted by María Hosta y
Pasarell, his wife, upon an urban property located on Reina
Street in the city of Ponce, for the sum of $6,500.

Upon the death of Eulalio Rosaly y Vázquez on Novem-
ber 12, 1925, his widow, María Hosta Pasarell, and her eight
children survived him as his sole and universal heirs.

Upon the division of the estate left by the deceased Mr.
Rosaly, the pension in favor of the plaintiff was recognized
as included among the obligations (*bajas*) of the estate; and

several properties were awarded to Mrs. Hosta, widow of the deceased, for the payment of the debts (*bajas*) of the estate. Upon the record of these properties in the registry, mention was made of the charge imposed thereon for the payment of such debts.

In order to help Mrs. Hosta, widow of Rosaly, increase a mortgage loan with the Federal Land Bank, the plaintiff, Matilde Ríos Ovalle, by public deed of July 19, 1929, gave her consent to the cancellation of the aforesaid mention as to one of the properties which had been encumbered for the payment of the debts of the estate, stating that she gave her consent *"because the appearing party believes that there is sufficient security for the payment of such credit* (the life pension) *not only in the property specifically mortgaged . . . but also in the other properties of Mrs. Hosta, widow of Rosaly."*

Plaintiff averred that the heirs of Eulalio Rosaly Vázquez had failed to pay her the pension installments of $65 a month for the months of June, 1932 to September, 1933, 16 months, amounting to $1,040, for which amount she prayed for judgment against the defendant heirs. She also prayed that when the judgment should become final, a sale at public auction be ordered of the properties which had been awarded to the defendant María Hosta de Rosaly, for the payment of the debts.

As defenses the defendants Rosaly y Hosta averred:

1. That in the partition deed $43,131.90 in property were awarded to María Hosta de Rosaly, with which to pay all the debts of the decedent, including the plaintiff's pension; that by deed of July 19, 1929, the plaintiff was informed of and accepted the award of properties made to the widow of Rosaly for the payment of her claim, and stated and admitted that her claim was sufficiently guaranteed not only by the private property of María Hosta de Rosaly, encumbered by mortgage, but also by the other properties of Mrs. Hosta; that by such deed the defendants Rosaly y Hosta were released from liabil-

ity on the mortgage credit, Mrs. Hosta de Rosaly remaining as the sole obligor, from whom the plaintiff has since that date required payment of her pension and from whom she has received payments.

2. That the complaint does not state a cause of action.

3. That the court is without jurisdiction over the defendants.

The court below overruled the demurrers and entered judgment ordering only the defendant María Hosta de Rosaly to pay the amount claimed, plus legal interest from the date upon which the complaint was filed until payment, and releasing all the other defendants from the claim, all without special award of costs. The plaintiff took the present appeal and in support thereof alleges that the court below erred:

1. In holding that there was a novation in the contract of recognition and guarantee of the life pension and in holding that the widow of Rosaly was the only person under obligation to pay the same to the plaintiff.

2. In deciding the conflict of the evidence in favor of the defendants.

3. In not awarding costs against the defendants.

■ The question presented to us by the first assignment is whether the obligation to pay a life pension to the plaintiff, undertaken by Eulalio Rosaly y Vázquez by deed of November 15, 1920, and which upon his death became a debt of his estate, has been subjected to a novation by the terms of the deed of partition executed by the heirs of Rosaly on May 13, 1927, in which the plaintiff neither intervened nor was a party, or has been so affected as a result of any other act of the plaintiff.

The court below was of the opinion that there had been a novation of the obligation for the following reasons:

(a) Because in the deed of partition properties were awarded to the defendant widow of Rosaly for the payment of the debts of the estate, and such defendant undertook to pay the same in

their entirety, so that the properties awarded to the other heirs were freed from responsibility for the payment of debts of the decedent.

(b) Because, even though the plaintiff was not a party to such deed of partition, it appears to have been proved that she was first consulted as to the form in which the award was to be made to María Hosta de Rosaly for the payment of debts; and that the plaintiff made no objection to the contract between the heirs, and tacitly accepted the same, since from and after the date of the contract, all of the payments to the plaintiff were made by the defendant widow of Rosaly, in whose favor the plaintiff issued receipts.

(c) Because in accordance with the terms of the deed of July 19, 1929, the plaintiff consented to the cancellation of the mention with respect to one of the properties awarded to the widow of Rosaly for the payment of debts, for the reason that she believed that her credit was sufficiently secured by the mortgage upon the Ponce house and by the other properties of such widow.

(d) Because in accordance with Section 1037 of the Civil Code (ed. 1930), an heir to whom properties are awarded for the payment of debts, is the sole person bound to pay the same.

A novation of an obligation consists in substituting or changing it for another subsequent obligation, extinguishing or modifying the first, whether it be by changing its object or principal conditions, or by substituting the person of the debtor, or by subrogating a third person in the rights of the creditor. Furthermore, in order that an obligation may be extinguished by another subsequent obligation, it is necessary that it be expressly so declared, or that the old obligation and the new obligation be incompatible in all points. See Sections 1157 and 1158 of the Civil Code (ed. 1930), corresponding to Sections 1203 and 1204 of the Spanish Code.

The novation set up by the defendants is personal in character, since it involves the substitution of the heirs of Eulalio Rosaly Vázquez, obligors as to the pension for support to which the plaintiff is entitled, by the heiress widow of Rosaly, who, under the deed of partition executed by the

heirs, received properties devoted by the heirs to the payment of debts of the estate.

Can a novation such as that in the instant case have legal effect without the consent of the creditor? The Civil Code (ed. 1930) answers this question as follows:

"Section 1159.—Novation, consisting in the substitution of a debtor in the place of the original one, may be made without the knowledge of the latter, but not without the consent of the creditor."

In commenting upon Section 1205 of the Spanish Code, corresponding to 1159 of our Code, above, Manresa says:

"The provision of Section 1205, which requires the consent of the creditor as an indispensable condition for this kind of novation, and not the consent of the debtor in any case, although not so stating expressly, implies a distinction between the two forms which this novation may take place; and is based upon a simple requirement of justice, that is, that since the consequences of a substitution may be prejudicial to a creditor, but not to a debtor, only the consent of the former is required." Volume 8, 2nd Ed., pp. 424-425.

 Let us see whether it has been estabished by the evidence introduced that the plaintiff accepted or gave her consent, expressly or tacitly, to the substitution of the widow of Rosaly as the sole obligor upon the pension for support which was owing to her by the heirs of Rosaly.

The plaintiff was not a party to the deed of partition executed by the heirs of Rosaly, and consequently was not bound by any of the covenants or stipulations in that deed. Upon the death of Rosaly the obligation undertaken by the deceased to the plaintiff and secured by mortgage upon a house belonging to the wife of the deceased, became a debt of the estate, and each and every one of the heirs who accepted the inheritance simply and without condition, as did the defendants, became liable for its payment. See Section 957 of the Civil Code (ed. 1930).

We have made a careful examination of the statement of the case, in which there appears a concise report of the testimony given at the trial by the plaintiff and by the defend-

ants Concepción Rosaly, Eulalio Rosaly and María Hosta de Rosaly, and we find no fact which might be interpreted as either express or tacit consent upon the part of the creditor to the alleged substitution of debtors.

It is true that from the testimony of the plaintiff herself it appears that she was aware, from information given to her by the attorney for the heirs of Rosaly, of the terms and conditions upon which the heirs proposed to divide the estate and that properties would be awarded to María Hosta de Rosaly, so that she might assume the obligation of making the payments. It is also true that the plaintiff made no objection to the proposed partition, or to the agreement between the heirs for the payment of the debts. But we ask: Why did she have to oppose it? How was it prejudicial to her that the heirs, who by a simple and unconditional acceptance of the inheritance were bound to pay her pension, not only with the properties of the estate, but also with their own properties, might agree among themselves to devote a part of the properties to the payment of the debts of the whole and to award such properties to a single heir, so that such heir might assume the obligation of paying them?

We are of the opinion that neither the knowledge which the plaintiff had of the terms of the partition nor her failure to object to the same can be interpreted as tacit consent upon her part to a novation of the obligation by which María Hosta de Rosaly became her sole debtor, and by which the other heirs were relieved from the obligation to pay the pension.

We cannot accept the interpretation which the court below has placed upon Section 1037 of the Civil Code, to the effect that when properties are awarded to an heir for the payment of debts, such heir is the only person bound to pay them. Let us see what that Section provides:

"Section 1037.—After the division has been made, the creditors may demand the payment of their debts in full of any of the heirs who may not have accepted the inheritance under the benefit of in-

ventory, or up to the amount of their hereditary share in case they have accepted it under such benefit.

"In either case the defendant shall have a right to notify and summon his coheirs, unless, by disposition of the testator or by reason of the division, he alone should be bound to pay the debt."

In commenting upon Section 1084 of the Spanish Civil Code, which is equivalent to 1037 of our Code, above, Manresa says:

"The provisions of Section 1084 are of extreme importance. The first paragraph thereof establishes clearly the relation between the creditors and the heirs. The second paragraph and the following Sections deal with the relations between the heirs themselves, all with respect to the payment of the debts of the estate.

" . . . . . . . . .

"The right of the creditors to the payment of the debts of the estate exists prior to the death of the decedent and is not dependent upon the number of his heirs. Whether one or many, their rights are only to the remainder of the estate after the debts have been deducted; it would be an anomaly, on the other hand, if by the fact of the death of the testator, the creditors would have to divide their actions into as many parts as there were heirs, with the risks and expenses natural to such division.

" . . . . . . . . .

"Our Code . . . has elected a solution which does less violence to juridical principles, leaving unaltered the rights of creditors and permitting them to go against those of the heirs offering the best guarantee or facility for the collection of their claims.

" . . . . . . . . .

"Summing up now with respect to the payment of hereditary debts, we find then that to the creditors of the decedent the number of heirs is of no consequence, and upon the other hand, that the creditors are not affected by the agreements or covenants which the heirs may make among themselves, or by the testamentary dispositions of the testator, to which they have not consented. Whether the heirs be one or many, the creditors of the decedent may bring an action against any of the heirs for the whole amount of their claims." Manresa, 3rd ed., Vol. 7, pp. 767 to 771.

In the instant case the plaintiff elected to bring her action against all of the heirs, ignoring the award of property made

to the widow of the decedent for the payment of debts. Indubitably the plaintiff was entitled to proceed in this way, since she neither accepted nor consented in any way to regard the person to whom such properties had been awarded as her sole obligor.

The legal effect of the award of properties made to the widow of Rosaly was to constitute her the attorney-in-fact or delegate of the other heirs for the payment of the hereditary debts. It is for this reason, and in the absence of any other evidence of consent, that the checks given to the plaintiff in payment of the monthly pension, signed by the delegate of the other heirs, and the receipts executed by the plaintiff in favor of such delegate, cannot be considered as evidence of consent to the substitution of the widow of Rosaly, the delegate of the other heirs, as the sole obligor of the plaintiff. See Manresa, (3rd ed.,) Vol. 7, p. 777.

The statements made by the plaintiff in the deed of July 19, 1929, to the effect that she considered sufficient guarantee for her credit not only the mortgage constituted in her favor but also the other properties of the widow of Rosaly, cannot be interpreted as an acceptance of the terms of the division made two years before and of the alleged substitution of obligors. In the first place, the deed of partition was executed on May 13, 1927, more than two years before execution of the deed by which the plaintiff consented to the cancellation of the mention appearing in the registry upon one of the properties awarded by the heirs to their delegate for the payment of debts. In the second place, there is not, in the entire deed of July 19, 1929, a single phrase which may be interpreted as a release of the remaining heirs. The only thing which the creditor does, in consenting to the cancellation of the mention, is to state her belief with respect to the sufficiency of the rest of the security. We cannot agree that an expression of this nature may be

interpreted as a release or discharge of the remaining heirs from the obligation to satisfy the plaintiff's claim.

The fact that the plaintiff's claim was secured by mortgage upon an urban property does not relieve the defendant heirs from the obligation to pay that debt from the estate. The plaintiff's credit is personal; the mortgage securing the same is a subsidiary contract, real in nature, but it does not convert the credit which it guarantees into a real right.

The cases of *Fernández* v. *Hernández*, 16 P.R.R. 72 and *Trautman* v. *P. R. Ore Co.*, 46 P.R.R. 750, cited by the appellees, are not applicable to the instant case. Both sustain the proposition that the purchaser (third party) of a property subject to a mortgage lien, who has not assumed the payment of the credit secured by such mortgage, may elect to pay off the lien and free the property, or permit the property to respond, but is not bound to pay the lien with his other properties in case the proceeds of the sale of the mortgaged property should be insufficient. That is an obligation of the original debtor, the one who contracted the debt.

The original obligor upon the plaintiff's pension was Eulalio Rosaly y Vázquez. The defendants, his heirs and privies, can find no shelter under the rule set forth in the two cases, *supra,* since they are not, nor can they be considered as third parties *(terceros)* with respect to obligations undertaken by their testator. Furthermore, in accepting the inheritance simply and without condition, they assumed the obligation to pay his debts without benefit of inventory.

Plaintiff's action is a personal action for the collection of a pension for support and is directed against all those whom the law makes responsible for its payment. The complaint and the evidence warrant a judgment against all of the defendant heirs of the original obligor.

For the reasons set forth, the judgment appealed from is reversed and is substituted by another ordering each and every one of the defendant heirs to pay the amount claimed,

with legal interest from the date upon which the complaint was filed, and without special award of costs.

Mr. Chief Justice Del Toro took no part in the decision of this court.